José Rodríguez, as Guardian *Ad Litem* of Pedro Rodríguez, Plaintiff and Appellant, *v.* Juan Santos, Defendant and Appellee.

No. 4713.   Argued May 9, 1929.—Decided July 26, 1929.

*E. Martínez Avilés,* for appellant.   *Francisco M. Cadilla,* for appellee.

Mr. Justice Texidor delivered the opinion of the court.

José Rodríguez, as guardian *ad litem* of Pedro Rodríguez, brought an action in the District Court of Arecibo against Juan Santos and substantially alleged that Agustín Santos, under 21 years of age, a legitimate son of Juan Santos and under his *patria potestas,* while driving a Ford automobile along the Arecibo–Hatillo road on April 6, 1927, struck with said automobile Pedro Rodríguez, fifty years of age, and head of a family which he supported with his earnings of one dollar per day, and seriously injured him fracturing his skull, thereby causing said Rodríguez to undergo medical treatment and, as a result of the injuries, become unbalanced and totally and permanently incapacitated; that this was the result of the negligence of Agustín Santos in driving said automobile; that Juan Santos knew of the negligent manner in which his son Agustín customarily drove the automobile.

He averred damages and the amount thereof and prayed for their recovery.

Defendant specifically denied the averments of the complaint, and pleaded as special defenses that his son, Agustín Santos, had deserted the paternal home more than three years previously and is now living away from and beyond the control of the defendant, without whose knowledge he secured a driver's license; that defendant has been unable to prevent his son from acting as he pleases; and that Agustín Santos had not caused the alleged injury. The defendant thereafter amended his answer, but we fail to find any material variation in his defense.

The case went to trial and the court rendered judgment for defendant on May 18, 1928. We transcribe the following paragraph from the opinion attached to that judgment:

"At the trial of the case which was held on May 9, 1928, with the appearance of the parties and their counsel, plaintiff sought to prove that at the time of the accident the minor Agustín Santos was living with his father. He failed in this. Defendant, on the contrary, clearly showed that for more than four years past his son Agustín has not been living with him and has broken all sorts of filial relations with him, and that Agustín has refused to return to defendant's home notwithstanding the personal efforts to that end made by defendant and those of his own friends whom he had commissioned for that purpose. The evidence in this particular is entirely convincing in the opinion of the court and consisted of the frank, definite and positive statements of Agustín Santos, Juan Santos, Belén Santos, Remigio Martínez Badía and Arturo López, among others, from which statements the conclusion must be reached that four years ago Agustín Santos, rebelling against all paternal authority, counsel and advice, left the home of his parents; went to live with his sister, Belén Santos; worked as a chauffeur for a living; has since paid all his own expenses; and only on rare occasions, such as the death of his mother and the marriage of a brother, has he visited the defendant's house."

From that judgment plaintiff has appealed and has assigned four errors, two of which refer to the evidence and the others to a matter of statutory construction.

The first assignment of error is thus set forth:

"The court erred in failing to construe section 1804 of the Civil Code with reference to section 223 of this code."

The above-cited sections read as follows:

"Sec. 1804.—The obligation imposed by the preceding section is demandable not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on. his death or incapacity the mother, is liable for the damages caused by the minors who live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which th latter may be employed or on account of their duties.

"    *        *        *    ·    *        *        *        *

"Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

"Sec. 223.—The father and the mother have, with respect to their children not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their means, and representing them in the exercise of all action which may redound to the benefit of such children.

"2. The power to correct and punish them moderately."

Appellant mistakes the obligations arising from each of those sections. Those flowing from section 1804 generally refer to third persons; they involve liability to others. Those proceeding from section 223 refer to relations between parent and child, between the progenitor and his progeny, and concern the family, in which relations organized society intervenes only for the preservation and regulation of the family as an institution. As regards the relations of outsiders with that institution the provisions of section 1804 specially apply. But section 223 does not go beyond the limits of the family. The child may require the father or the mother to keep him

in their company if they abstain from doing so voluntarily; but that would be all. If the child leaves the home voluntarily, severs that company and ignores all parental authority, the father can not be made liable for the acts of the rebel. The father is liable in so far as he is exercising authority over his child.

On this point the court, bearing in mind its findings of facts, applied the law fairly and wisely. The child in question has placed himself beyond the reach of the parental authority; he acts for himself, leads his own life; and we fail to perceive any basis for applying here the principle of liability for another.

Appellant cites Manresa and M. Scaevola as to the duty of the parent to keep the children in his company and as to his liability for any damage caused by a child under his custody if he fails to perform such duty; and likewise cites the decisions of this court in *Nadal* v. *Miranda,* 27 P.R.R. 300, and *Portalatín* v. *Noriega,* 33 P.R.R. 755.

In *Nadal* v. *Miranda, supra,* it was clearly and definitely shown that the minor child Rafael Miranda Carbó was living with his father Juan Miranda at the time of the accident. A paragraph from the opinion in that case (27 P.R.R. page 304) reads as follows:

"Rafael Miranda, a minor, caused the death of Rafael Bayron while negligently and rashly using a firearm, and his father, with whom he lived, is responsible for the damage, for he has not shown that he exercised all the diligence of a good father to prevent the damage."

In the case of *Portalatín* v. *Noriega, supra,* the minor affected was alleged to be living under the *patria potestas* and in the home of his father, who alleged that he had given his son the proper education and that he did not consent to his son's driving motor vehicles until the government had given him a license after passing an examination. The defense was not considered to be sufficient to exempt him from liability.

If it appeared that a father had abandoned a minor, the theory that the former's liability for the acts of the latter had not ceased might apply, since the abandonment would be the fault of the father, who should suffer the consequences. Such, however, is not the case here.

The law refers to children living with their father, that is, logically speaking, within reach of his authority to suppress them, and his advice to direct them. The law does not refer exclusively to those who may be under the parental authority, thus distinguishing between the right, or duty, of the *patria potestas* in abstract, and its real and effective exercise. For that reason a minor can be under the custody of a master or director of arts and traders and said master or director be liable for any damage caused by him, or be employed in an establishment and the latter be liable for his negligent or unlawful acts. On the other hand, as regards his property, notice should be taken of the provisions of section 225 of the Civil Code which considers as emancipated for all purposes with respect to such property a child who, with the consent of his parents, lives independently of them. Undoubtedly, the matter of contracting and disposing of property is something more serious and of greater importance than obligations arising from fault or negligence.

The assignment is without merit.

Error is assigned in connection with the weighing of the evidence introduced at the trial to show that Agustín Santos was living with his father. Appellant acknowledges that he could have introduced stronger evidence; but that he relied on the legal presumption that a minor child lives in the company of his father. It is not alleged that the judge acted under the influence of passion, prejudice or bias or that he has committed grave and manifest error.

Really, after reading the testimony introduced at the trial it is difficult to reach any other conclusion than that adopted by the court on the particular noted. There was no error in that conclusion.

For the same reasons above given a like determination must be made of the third assignment of error, which is thus formulated by appellant:

"The court erred in weighing the evidence for defendant to show that Agustín Santos is not living with his father, the defendant herein."

As a fourth error the following is assigned:

"The court erred in pronouncing judgment for defendant after deciding a single question of law and leaving undecided other issues of fact and of law established."

The issue selected and rightly decided by the court is sufficient to dispose of the case finally. It is not a secondary question, but the first and main question in the case, namely, that of the liability; and it having been decided adversely to the plaintiff, all the others are devoid of importance.

For the foregoing reasons the judgment appealed from must be affirmed.